Case number 12-1509, Chris Wilson v. Illinois Department of Financial and Professional Regulation Good morning, Your Honor. My name is Bill Coghlan. I'm here on behalf of Chris Wilson. Illinois System Attorney General Clifford Berlow on behalf of the Department of Financial and Professional Regulation and the Director of the Banking Division. All right. Good morning to both of you. Mr. Coghlan. Thank you. May it please the Court, Counsel. I'd like to initiate my comments with the issue of whether the application of the amendment to the Residential Mortgage Licensing Act in 2009 to Mr. Wilson's loan originator license constitutes an improper retroactive legislation. Mr. Wilson was first issued a mortgage originator license in 2005. It was renewed in 2006, 07, and 08. In 2006, he entered a plea of guilty to two felonies, tax fraud and impeding an IRS investigation. It's noteworthy to state at this point these felonies were in no way regarded to his practice in the mortgage industry. They concerned his personal income tax filings. In 2009, the law was amended. The Residential Mortgage Licensing Act was amended. The text of the amendment states that the director shall not issue a mortgage loan originator license if the applicant had been guilty of a list of enumerated offenses and one of the offenses was an act of fraud. We have no dispute that his felony falls within the confines of the amendment. Don't you think you should probably just kind of tell us why you think the issues that have been overlapped and why we shouldn't really follow that decision? It's kind of an analogous situation. It is. If you apply the Landgraf test to the facts in this case, Landgraf first asks is the text intended or is the legislation intended to be retroactive? I suggest in this act, this act is not the same act. No, it is not. The language is different. It is. And this act states that the director is not to issue a license. It does not say is not to renew. Renew is used throughout the act. And I don't think that omission was a neglect. I think it was purposeful. So you think that's a suggestion that it wasn't meant to be retroactive? Correct. Did you argue that in your brief? I did. All right. The next, if in fact it is deemed that the act does not state its temporal reach to be prospective, then if you apply the three questions, whether the legislation would impair rights a party possessed when he acts. Well, based on your argument then, the person could commit the same fraud and if he asked for issuance of his new license, he would be denied for life. But if he already committed the same fraud and already had a license, he could still be practicing. Isn't that just a conflict? When they say they renew, they're really issuing a license. You apply for renewal and the director issues the license. That's the state's argument. I think those terms have specific meanings. When you issue something, as I read it, it's the first time you've granted your license. They don't use the word issue. Renewed is a separate concept. It's mentioned in the act. How do you renew a license, though? You fill out a form. You fill out an application. Yes, an application. But I guess more substantively, if we look at this legislation and the question is whether it impairs a right Mr. Wilson possessed when he acted. At the time of the underlying conduct and at the time he entered his plea of guilty to the charges, he had a right to a hearing to determine the type and length of discipline appropriate for his license. Those are rights he had. And this legislation doesn't impair those rights. It eliminates those rights. Rights or privilege? He had a right to a hearing. I don't think there's any debate. And the issues at that hearing that he had a right to have were determined what type of discipline and what length of discipline would be warranted considering his case. The argument that's been advanced in consiglio and in this case is that this is nothing more than a qualification. It's a requirement. This isn't listing your address. This isn't taking another exam. This isn't getting a higher level of degree. This is a permanent termination of a license you had. But you don't have a right to a continuing license every year. There's no such thing. He had a right to a hearing. Didn't he have a hearing? He did. He entered into a consent order that said for these facts, we believe the appropriate warranted discipline is a 30-day suspension followed by two years. Didn't that happen to all those doctors and all those people in consiglio? Didn't they have their licenses suspended for a period of time and then they were allowed to practice again? I don't think all of them did. No, but there was a good number that had incidents occur, battering patients, and then given a punishment and suspended or put on probation for a period of time, and then subsequently the legislature decided in its infinite wisdom to start taking back the automatic right to renewal if you had these prior convictions. So I don't see the real difference between these two cases. Well, certainly the decision in the recent case is contrary to my position. Of course. It is. But I don't know how he could pass the fact he had a right to a hearing. That's not a privilege. That's a right. But the hearing is basically to establish his qualifications for a license. You get a license and you have a right to do a certain thing for a period of time. You have a license to use a name. It expires. He had a right to have a hearing to determine the criminal conduct that he committed and pled guilty to. But here you have a different kind of thing. You have a qualification change. It's a change in the qualification that you need to perform a duty. I don't believe it's fair to call the criminal conviction a qualification. The use of it in this case is not a qualification. It's a punishment. It is we are taking away your license because he can't go back to school. He can't take an exam. There's nothing prospective he can do to remedy this. This is not like making a sex offender put his address in a book. He could go for a pardon. Yes, he could go for a pardon. He could erase the original incident. But that's an extraordinary remedy. That's not anything that really would be contemplated at the time. When he entered his plea of guilty, he had no idea. The courts in Consiglio, they can't do this either. They can't go back and try to remedy. I just don't see this distinction in terms of the analysis that we would do. I believe the court in Consiglio considered this merely a qualification, as apparently seems to be the overwhelming view of it. He had a right. What does it mean when the legislation would impair a party's right? He had a right to a hearing to determine the extent of discipline. That's a right, not a privilege. I'm not sure I'm following you. After the legislation was passed, he was notified by letter that he was not going to be allowed a renewal. His renewal was denied, and he had a hearing. Did he have an administrative hearing? He did. All right, so what are you saying? But not to determine the length or type of discipline, which he possessed prior to that. Okay, I see what you're saying. The next argument, well, I have three arguments. I concede that my argument about res judicata was not raised in the administrative proceeding, nor was it raised in the trial court level. I didn't represent him in those situations. I do believe this court has the ability to consider it if it would result in a fair resolution to the case. They initiated an investigation, these defendants, with this epilogue. They filed charges. An agreed resolution was reached, suspension followed by probation. He completed all of the terms of that. His license was restored to active full status. I believe that is res judicata to this application of this act, and I primarily rely on the case of Allied Bridge. It's a Supreme Court case. It involved an administrative agency and tax credits, and the initial ruling of the agency was that a business had the ability to assign tax credits. They had value when they could assign them. Subsequent legislation said, no, that's prohibited. You can't do it. They went to assign their tax credits. They were stopped. Hearing was conducted. Supreme Court said, while it's generally held that there's no vested right to public law, yes, when here rights arise under a statute are decreed by a court of competent jurisdictions, those rights are vested. Subsequent legislation cannot affect such rights. That's what's happened here. He had rights. Even Consiglio agrees that an administrative proceeding can have res judicata effects if it's judicial or quasi-judicial, and the department's proceedings in this and in the prior cases were quasi-judicial. That's not disputed in the most recent case. I think the State is going to say this is not a case where we revoke a license to your client, which had already been issued. We're not revoking one that's already been issued. What we're doing, we're not giving him a new one based on the new qualifications. We're not going back and revoking one that he has, but we're not issuing a new one. What I perceive they're doing is they're saying, we're not going to allow you to continue practicing based on your criminal conduct and convictions. They've already said, we're going to take your license away for 30 days, and we're going to put you on probation, and we're going to watch you. That's how we're going to handle your license. That was for that particular license period. A person has a license. Why didn't that work in Consiglio, that argument?  All those individuals had some form of punishment or some kind of revocation or probation or whatever. There is a line of cases that say if there's a change in the law, that's a new circumstance, and so we don't have the same fact patterns or applicable law. That's cited Bernstein. Bernstein is a case where a lady had a son who was getting shock therapy, and a judge ordered the State to continue the shock therapy. Some years later, the law changed, outlawing shock therapy, prohibiting it. The lady advanced the theory that, hey, I've got res judicata. My son's entitled to get the shock therapy. And the court said, this prior order in no way gave you a permanent right to this treatment. And they gave issues, and they said that change of circumstances warrants not applying it here. I don't see that fact to be anything similar to ours. I can see I'm blowing in the wind here a bit, but this person had a livelihood. He paid his dues. You know what, the issue isn't simply whether there's some bad legislation here or that the results are particularly harsh. I accept that. I understand that. And harsh would be, son, you've got to go back and go get yourself a master's. Harsh would be, you've got to retake a test that you're not prepared to take. This isn't harsh. This eliminates the rights he had when he engaged in the conduct and, more importantly, when he decided to plead guilty. This would have been something that would have, in all likelihood, have affected the way the criminal proceeding advanced. I guess I'm about at ten minutes, so I'll let you go. Well, what about the taking of property? Judge, I can't fog the windows up with an argument on that. All right. That's fine. I didn't get to the ex post facto. Yes. I do firmly believe that it applies. It's a lengthy analysis, seven factors. Right. We could start with two factors there's no dispute on. Did it take scienter? Absolutely. Is it a criminal offense to say? Absolutely. So two of the factors there's no, I would suggest there's no dispute. The next, the initial inquiry is, let me get there. Does the law have an affirmative disability or restraint? The majority of cases equivalent that to imprisonment. Well, I got to, my thought is if the statute calls for imprisonment, it's not a civil statute in this day and age. I looked at the People v. Malachow, which is a Supreme Court from this state, reviewing this whether or not an ex post facto law applied in the Sex Offender Registration Act. And in analyzing the first segment, they said, but this does not restrict their movements or activities in any way. Well, if I use that language and that analysis, it can't be argued that this law doesn't restrict his activity, the activity of engaging in his livelihood, his profession. So I think an argument certainly exists that this statute does restrict and does create an affirmative disability or restraint. One of the other, is this, can a other purpose be assigned to this legislation other than the public welfare? I want to stress the laws existing prior to this act had ample mechanisms to take the conduct that is being reviewed in this case and in all of the cases and impose a discipline that is warranted. That exists, the public was protected with the prior law. This law merely says, you know what, we're not going to give any discussion. You lose it forever. It's mandatory. It's permanent. I believe that's punitive, pure and simple. It would seem to me that if you looked in the dictionary and looked up retribution, you would find an example just like that. That's retribution. There's nothing added to the public safety or protection by this legislation. I'll save a few minutes for the other. Thank you. All right. Burlough. May it please the court, predatory lending practices in the mortgage industry threaten individual finances and jeopardize the stability of the mortgage industry. The General Assembly, therefore, has the authority to regulate participation in the mortgage industry. Mr. Wilson does not contest whether or not the General Assembly has the authority to exclude altogether people from participating in the mortgage industry based upon their prior convictions for acts that involve dishonesty. His sole submission to the court is that applying this prohibition to retroactive and, therefore, unconstitutional. And Mr. Wilson is wrong. And he's wrong for the very simple reason, first and foremost, that even if you take the broadest interpretation imaginable of this statute, the effect of the statute is not retroactive. It is prospective. And we know that because the act that is regulated here is the act of participating in the mortgage industry prospectively. It places a limitation upon individuals when they work and they sell mortgages going forward. And where the act sought to be regulated incurs entirely after the adoption of the statute, then a statute is not going to be considered to be retroactive. There is an exception to be sure that some courts, including the United States Supreme Court, have recognized where it is very clear, either from the statute was intended to simply add on the punishment that existed for the prior action. That, in fact, what it's really doing is regulating what came before it. But that's not the case here. And it's not the case because there is a very clear, legitimate regulatory interest in protecting against the sorts of predatory lending practices that led Congress to adopt the SAFE Act in the first place and the General Assembly to follow suit. And so in light of that, the statute simply cannot be called retroactive in the first instance. And if the court agrees with that analysis, as the court in Consiglio did, then this court need go no farther because all of the, almost every other argument, save two, that Mr. Wilson has advanced here, require that this statute be considered to be a retroactive statute in order for the court to even reach those steps. Landgraf, I think there's at least some confusion, and I apologize, at least in my briefing and Mr. Wilson's briefing, there's at least some confusion here. But Landgraf is nothing more than a method of statutory interpretation to determine when a retroactive statute should be, a statute that's facially retroactive, I should say, should be interpreted to have a retroactive effect based upon the legislature's intent. And so if the statute is not retroactive, the court need not go through the Landgraf factors. Now, there is some ambiguity on that. Some courts wrap the analysis of whether the statute is retroactive into the second step of Landgraf, but the majority rule is very clearly that you look at whether the statute even would constitute a retroactive law before you get into the Landgraf analysis. And if it's not retroactive, you don't get into that Landgraf analysis. That's exactly right, Justice McBride. And not only that, the ex post facto argument goes away as well because there are two elements to making a claim under the ex post facto clause, and that is that the statute is retroactive and that the statute is punitive. And if the statute isn't retroactive, it therefore cannot violate the ex post facto clause. I do, on the off chance that the court does consider this to be a retroactive statute, based upon some of the arguments that Mr. Wilson's counsel was advancing, want to at least address his argument on whether or not this is a punitive statute. And the short answer to that question is that it's not. And in arguing that It takes his whole livelihood away. Justice Taylor, I will be the first to admit from the subjective point of view of Mr. Wilson that this may feel punitive, but that's not the test. The test is an objective test, and there are two components to it. The first component is what the legislature intended. Did the legislature intend for this statute to be a punitive statute? And here I think there can be little argument that it is. It's placed in the civil code. It is done with a perspective view of trying to prevent dangers in the future rather than add on to a prior penalty. So it's very clear that Well, isn't it adding on to a prior penalty when he's already been subjected to a penalty for this particular conduct, which I think everyone agreed has nothing to do with his activities as a mortgage broker originator? No, Justice McBride. I don't agree with that. I mean, he pled guilty. He was sentenced. I think he had to pay a fine. Did he? I believe, yes. And the agreement was that after that he would be able to get his license back. Well, I have two responses to that. One that relates directly to the question of whether that makes it punitive, and the second to what it is exactly the Department did here. Let me begin with the latter because I think that's more directly responsive. With respect to what the Department did here, it made a decision under a regime in which it had discretion. The General Assembly took away that discretion and then simply imposed a rule that applies prospectively and says that the Department no longer has the discretion to allow Mr. Wilson to keep his license. So it is difficult to say how the Department could bind the legislature in the way that Mr. Wilson's argument posits. But in respect to the idea of whether that makes it punitive or not, the answer to that is plainly no. And the reason it's not punitive because of that fact is for the simple reason that the purpose of the law, the intent of the law, is not punitive. And that factor is so critical and so important for the simple because this exact same action can be punitive or civil depending on the circumstance in which it arises. A $10,000 fine undeniably is punitive. A $10,000 penalty is civil. Even something as extreme as confinement when done for protective purposes, when done for civil purposes, is not considered to be punitive. And so where it's very clear, as it is here, that the legislature did not intend for the statute to be punitive, the plaintiff bears the heavy burden of establishing through the Kennedy factors that the effect of the statute is so plainly punitive that it essentially makes the non-punitive purpose of the statute little more than a charade. And the plaintiff simply can't meet that standard because the most important factor in that analysis is what the General Assembly was trying to achieve and whether it had a legitimate policy interest in trying to reach that end. And so because of that, the plaintiff's argument that this is punitive, even if this were a retroactive statute, simply cannot sustain itself. I want to address as well Mr. Wilson's argument to the court regarding the idea that there's a difference between license issuance and license renewal. And there's actually a very simple answer to that question. I will be candid, Justice McBride, I did not entirely grasp the details of this argument until I saw Mr. Wilson's reply to it. But there's a very simple reply to this. Section 7-6 of the statute says, the minimum standards for license renewal for mortgage loan originators shall include the following. Number one, the mortgage loan originator continues to meet the minimum standards for license issuance under Section 7-3. That means that every time you try to renew your license, you have to meet the exact same standards that you would have to meet when you sought renewal. So there's a very simple answer to Mr. Wilson's argument on that. That is one of only two arguments that was not addressed by this Court in consiglio. The other being the Takings Clause argument, which Mr. Wilson has, I think, effectively abandoned, and for good reason. It has no substantive merit. And lastly, I want to briefly address the Res Judicata argument only to make sure that the Court understands this exception, that there's a difference between the Allied Bridge case and this case. Justice House, as you pointed out, my first response to the argument that this previous consent order was Res Judicata is, in fact, that this is a renewal and not the issuance of a new license. And every year, the Department is free to take a fresh look at whether or not Mr. Wilson continues to meet the minimum requirements of the statute. My second argument is that the Allied Bridge case is functionally an opinion about separation of powers and says, in essence, that the General Assembly cannot come along and undo a previously completed verdict of the judiciary through legislation, which is a well-established principle. It goes all the way back to, certainly at least to the United States against Klein from the U.S. Supreme Court in 1869. And in light of that, the exception that exists here for circumstances in which the General Assembly does change the landscape is certainly applicable, as the Court explained in Consiglio. This change in law altered the relationship between the Department and Mr. Wilson. Whereas the Department once could allow Mr. Wilson to continue selling mortgages, it was no longer allowed to do that after this legislation. And as race judicata is fundamentally about the relationships between parties that exist at the time, the fact that this law completely unsettled that relationship is dispositive of any race judicata argument. I also want to be clear that we certainly haven't conceded that a consent order qualifies for race judicata protection. We certainly didn't feel the need to address that question here. But as the Consiglio opinion makes clear, there is at least some ambiguity in the law as to whether or not a consent order of this type is race judicata or better thought of as a contractual obligation of the Department. Unless there are any other specific questions about these issues, I'm content to rest on my brief and simply urge the Court to affirm. Thank you. Mr. Coghlan? I believe, if I understood counsel correctly, the renewal of a license is not the same as issuing a fresh license when you review this under the race judicata issue. But if you look at it under whether or not it's a retroactive statute, there are no differences whether it's being issued for the first time or being issued for renewal. I'm not sure which it is, which argument is being advanced for what reasons, but I find that that's a distinction without a difference. The argument that counsel started out with, that this merely goes forward, it merely means based upon what happened before the Act, you can no longer practice. It's prospective in nature. Well, that's virtually every case. If you pass the law that said walking across the street is a crime, you're going to go to jail in the future, even though before they pass the Act you crossed the street. Everything is prospective in terms of what's going to happen. But I disagree with counsel. The analysis in Landgraf requires you to look at what the effect of this Act is. And at the risk of being repetitive, he had rights which were impaired. And if they are impaired, this is improper retroactive application as it relates to Mr. Wilson. Finally, the last point I want to address is counsel stated that the legislature merely took the discretion away from the department in terms of how to handle cases with these convictions. Well, in addition to taking the discretion away, they took away the rights of Mr. Wilson and those similarly situated. I want to thank you for your attention. I would urge you to enter an order reversing both the trial court and the administrative decision and restore Mr. Wilson to his livelihood. Thank you. The case was well argued and well briefed and it will be taken under advisement.